**In re Complaint Concerning the Honorable Sean J. RICE, Judge of District Court, Hennepin County, State of Minnesota.**

No. C3–94–679.

Supreme Court of Minnesota.

April 4, 1994.

Robins, Kaplan, Miller & Ciresi by Sidney P. Abramson, Minneapolis, for Judge Rice.

Henson & Efron, P.A. by Robert F. Henson, Minneapolis, Sp. Counsel to the Board.

### ORDER

The above-entitled matter is before the court on the basis of a stipulation executed between the Board on Judicial Standards and Judge Sean Rice, Judge of the District Court on March 30, 1994.

The court, having reviewed the comprehensive and detailed stipulation, does hereby adopt the stipulation and the recommendation contained therein in each of its respects and incorporates it by attachment to this order. Effective on this date, and in accordance with that stipulation, Judge Rice is reprimanded and suspended from the performance of his judicial duties without compensation for a period of 60 days. He shall pay to the State of Minnesota for the account of the Board, $3,500 as costs within 30 days of this order and shall abide by each of the specific directives contained in the parties' stipulation and adopted by the court.

BY THE COURT:

/s/ Rosalie E. Wahl

Associate Justice

KEITH, C.J. took no part.

SIMONETT, J. took no part.

### STIPULATION

BETWEEN THE BOARD ON JUDICIAL STANDARDS AND JUDGE SEAN RICE, JUDGE OF DISTRICT COURT

March 30, 1994

On February 8, 1994, the Board on Judicial Standards ("the Board") caused to be served upon Judge Sean Rice ("Judge Rice") a Formal Statement of Charges pursuant to Rule 8 of the Rules of the Board on Judicial Standards ("BJS Rules") alleging multiple occurrences of conduct that are violations of the Code of Judicial Conduct ("the Code") and grounds for discipline under Rule 4(a)(5) and (6), BJS Rules. Judge Rice, himself, initiated the Board's inquiry by reporting to the Board complaints regarding his behavior.

Judge Rice's current term in office expires December 31, 1994.

Judge Rice and his attorney Sidney P. Abramson, appeared in person before the Board on December 17, 1993 and February 25, 1994 on the Formal Statement of Charges dated February 8, 1994. Judge Rice responded in writing to the Formal Statement of Charges dated February 8, 1994. During the course of his appearances, he admitted some of them and denied others.

There was submitted to the Board on behalf of Judge Rice written reports dated November 5, 1993 and February 17, 1994 from Judge Rice's attending physician, John T. Kelly, M.D., M.P.H., in which Dr. Kelly detailed Judge Rice's psychiatric history commencing with the diagnosis of a bipolar disorder in 1970, several periods of hospitalization related to the disorder between 1970 and 1985, and the medical management of his condition, and set forth his opinion that the presence of the bipolar disorder poses no adverse risk regarding Judge Rice's conduct of his day-to-day responsibilities as a judicial officer and stated that Judge Rice has taken responsible steps to deal with his unacceptable learned behavior patterns.

At the request of the Board, Judge Rice at his own expense submitted to a psychological evaluation conducted by Daniel E. Dossa, Ph.D., L.P., based on interviews and testing conducted on January 7 and 14, 1994. While Dr. Dossa observed that his testing "did not suggest overt psychological dysfunction of an acute nature", he made a number of recommendations relative to Judge Rice's difficulty in appropriately expressing anger.

Also at the request of the Board, Judge Rice at his own expense submitted to a psychiatric interview on January 11, 1994, by Dennis A. Philander, M.D., P.A.. Dr. Philander rendered a written report to the Board dated January 25, 1994, wherein he concluded that from a psychiatric standpoint there were no individual or cluster of symptoms which interfere with Rice's ability to function as a judge, but based on Judge Rice's conduct and condition recommended ongoing psychiatric treatment, monitoring of both behavior and medication, along with psychotherapy.

Judge Rice disputes some of the specifics contained in the Formal Statement of Charges, but he acknowledges that he has engaged in significant portions of the conduct with which he is charged in violation of the Code, Canons 1, 2A, 3A(2), 3A(3), and 3B(1) and grounds for discipline under BJS Rule 4(a)(5) and (6). He acknowledges that he inappropriately exhibited on multiple occasions over a period of several years angry and undignified responses to staff members who were innocent of any significant derelictions of duty including:

(1) shouting at them;

(2) in one instance in late 1991, slamming a door with such excessive force as to cause a clock to fall from the wall of his chambers;

(3) twice, once in 1990 and again in 1991, approaching a staff member so abruptly and with such an angry countenance that other staff members felt that it was necessary to intervene;

(4) during 1990 and 1991, ignoring for excessive periods of time the presence of staff members who were invited into his chambers to their evidence discomfort; and

(5) engaging in harsh and unjustified criticism of the work of law clerks,

all of which conduct had the effect of harassing, humiliating, intimidating and causing members of his staff to feel physically threatened and creating a hostile working environment for them.

While Judge Rice disputes the decision made on behalf of the State of Minnesota to pay a substantial sum of money in settlement of claims made by two members of his staff arising out of his conduct, he acknowledges that the State of Minnesota suffered a substantial economic imposition as the result of claims about his conduct.

The Board determined on February 17, 1994, that sufficient cause existed to make and file with the Supreme Court a Formal Statement of Complaint regarding Judge Rice's conduct. But in lieu of filing the complaint with the Supreme Court, the Board, based upon Judge Rice's genuine efforts to overcome unacceptable behavior, including extensive counseling and recent reported improvements in his personal demeanor, decided to offer Judge Rice the alternative herein set forth. Judge Rice has expressed his willingness to accept the Board's offer of an alternative to a Formal Statement of Complaint.

Based upon the foregoing, the Board agrees to suspend further proceedings against Judge Rice upon the following admissions, waivers, and consent to the entry by the Supreme Court of an order:

1. Judge Rice admits that he has engaged in the conduct described above, which conduct he admits is prejudicial to the administration of justice, bringing his judicial office into disrepute in violation of the Code, Canons 1, 2A, 3A(2), 3A(3), and 3B(1) and is grounds for discipline under BJS Rule 4(a)(5) and (6).

2. Judge Rice waives the requirement of BJS Rule 9 that disciplinary proceeding be instituted by issuance, service, and filing of a Formal Statement of Complaint and consents to the entry of an order by the Supreme Court of Minnesota on the initiative of the Board without further notice to Judge Rice and without any appearance by him:

a) Reprimanding him for his conduct described above;

b) Suspending him from the performance of his judicial duties without compensation for a period of 60 days, commencing, as prescribed by the Supreme Court, and requiring him to pay to the State of Minnesota for the account of the Board, the sum of $3,500 as costs within 30 days of the date of the Supreme Court order;

c) Directing that throughout Judge Rice's time in office, his conduct shall be monitored by a person or persons satisfactory to the Board. The monitor shall have the affirmative duty to report to the Board and to Judge Rice any violations of the order to be entered pursuant hereto and any conduct similar to that set forth above which may come to the attention of the monitor;

d) Directing Judge Rice to continue, during his time in office and at his own expense, under psychiatric care for the management of his bipolar disorder and to continue with his present course of psychotherapy and directing him to notify, and to authorize and direct his mental health care providers to notify, the Board if for any reason his psychiatric care and psychotherapy is terminated;

e) Directing Judge Rice to authorize the providers to him of psychiatric and psychotherapy services on a continuing basis to disclose to the Board at the Board's request all information within their knowledge relative to Judge Rice's fitness to perform his duties as a judge; and

f) Placing Judge Rice on probation under the supervision of the Board throughout the continuance of his time in office and preserving jurisdiction in the Board to seek from the Supreme Court, and in the Supreme Court, on appropriate notice and hearing, to order additional or different sanctions on Judge Rice, including removal from office, if warranted by his future behavior.

3. Judge Rice waives all timeliness of Board proceedings and all procedural limitations.

4. In the event the Supreme Court rejects the joint recommendation of the Board and Judge Rice, the Board may thereupon proceed with a Formal Statement of Complaint and Judge Rice shall be entitled to the procedures and other rights provided by Rules 9 and 10, BJS Rules.

*RECOMMENDATION*

The Board on Judicial Standards and Sean Rice, Judge of the District Court of Minnesota, Fourth Judicial District, jointly rec-

ommend to the Supreme Court of the State of Minnesota the approval of the above Stipulation and request the entry of an order to carry out its terms.

Date: March 30, 1994.

The undersigned agrees to the terms of the above Stipulation this 29th day of March, 1994.

/s/ Sean Rice

Sean Rice

MINNESOTA BOARD ON JUDICIAL STANDARDS

By /s/ Ancy L. Morse

 Honorable Ancy Morse

 Chairperson

ROBINS, KAPLAN, MILLER & CIRESI

By /s/ Sidney P. Abramson

 Sidney P. Abramson, ID # 322

 2800 LaSalle Plaza

 800 LaSalle Avenue

 Minneapolis, MN 55402–2015

Attorneys for Judge Rice

HENSON & EFRON, P.A.

By /s/ Robert F. Henson

 Robert F. Henson, ID # 44271

 1200 Title Insurance Building

 Minneapolis, MN 55401

 (612) 339–2500

Special Counsel to the Board